**EXHIBIT 1**

**EXHIBIT 1**

ELECTRONICALLY FILED
2026 Feb 23 PM 7:23
Michael P. Ciccone, CLERK OF COURT - MAHONING

IN THE COMMON PLEAS COURT
MAHONING COUNTY, OHIO

| | |
|---|---|
| KIECHAUN NEWELL<br>P.O. Box 788<br>Mansfield, Ohio 44901 | : CASE NO.<br>:<br>: JUDGE<br>: |
| Plaintiff, | :<br>: |
| vs. | : **COMPLAINT**<br>:<br>: Negligence<br>: 42 U.S.C. 1983<br>: Violations of the Eighth Amendment |
| CORE CIVIC CORP.<br>5501 Virginia Way, Suite 110<br>Brentwood, TN  37027 | :<br>:<br>: |
| and | : **Jury Demand Endorsed Hereon**<br>: |
| DANA HIVNER<br>C/O Northeast Ohio Correctional Center<br>2240 Hubbard Road<br>Youngstown, OH  44505 | :<br>:<br>:<br>: |
| and | :<br>: |
| JOHN DOE WARDEN | :<br>: |
| and | :<br>: |
| JANE DOE CORRECTIONS OFFICER | :<br>: |
| and | :<br>: |
| JOHN DOE CORRECTIONS OFFICER | :<br>: |
| Defendants. | :<br>:<br>:<br>: |

**JURISDICTION & VENUE**

1.    This is a civil action where this Court has direct jurisdiction over Plaintiff's state tort claims and concurrent jurisdiction for federal claims brought under 42 U.S.C. §1983 to redress the

1

**2026 CV 00479**

deprivation of certain constitutional rights, under the color of law, by the named Defendants in their individual capacities

2. The Common Pleas Court of Mahoning County is an appropriate because it is the location where the events giving rise to the claims occurred.

3. Plaintiff has exhausted all administrative remedies available to him under 42 U.S.C. § 1997(e), the Prison Litigation Reform Act as to his federal claims

## PARTIES

4. Plaintiff, Kiechaun Newel, is an individual and at all times relevant herein, was incarcerated at the Northeast Ohio Correctional Center ("NEOCC"), a private corrections facility owned and operated under contract with the Ohio Department of Rehabilitation and Corrections.

5. Defendant, Core Civic Corp., ("Core Civic") a Maryland Corporation with its primary offices located at 5501 Virginia Way, Suite 110, Brentwood, TN 37027, owned and operated NEOCC at all times relevant herein.

6. Defendant, John Doe Warden ("Warden"), was at all relevant times herein, employed by and acting as an agent of Core Civic, under the color of law as Warden at NEOCC and was acting under color of law

7. Defendant, Jane Doe Corrections Officer, was at all relevant times herein employed by and acting as an agent of Core Civic under the color of law as a corrections officer at NEOCC.

8. Defendant, John Doe Corrections Officer, was at all relevant times herein, employed by and acting as an agent of Core Civic under the color of law as a corrections officer at NEOCC.

2

**2026 CV 00479**

9. Defendant, Dana Hivner, was at all relevant times herein, employed by and acting as an agent of Core Civic as Health Services Director/Medical Chief of NEOCC under the color of law.

**FACTS SUPPORTING PLAINTIFF'S CLAIMS**

10. On or about February 22, 2024, Plaintiff was attacked by multiple inmates in his cell.

11. The lead attacker, inmate Terrence West, who he along with the other inmates were known members of Heartless Felons, a gang well known to both Ohio Law Enforcement and Ohio Prison Officials.

12. Prior to being incarcerated at NEOCC, Plaintiff was incarcerated at Trumbull Correctional where he had sought protective custody due to threats from the Heartless Felons.

13. Plaintiff was marked as a target of the Heartless Felons as the crime he was incarcerated for involved the dearth of the daughter of a high ranking member of the Heartless Felons.

14. Plaintiff's transfer to NEOCC resulted from the private custody protection investigation completed at Trumbull.

15. The inmates who attacked Plaintiff, who were all from another block and by policy were not permitted to be in another block, but gained entry to Plaintiff's block when Jane Doe Corrections Officer intentionally unlocked the door and allowed them entry.

16. Plaintiff was not seriously injured after being able to repel the attack.

17. Plaintiff reported the incident to Jane Doe Corrections Officer, but no incident report was completed.

3

**2026 CV 00479**

18. The following day on or about February 23, 2024, Plaintiff was attacked by several inmates, all members of the heartless Felons, most of whom were from other blocks were let in to Plaintiff's block by John Doe Corrections Officer.

19. The attackers used broom handles and padlocks attached to socks as weapons in attacking Plaintiff

20. Nothing was done to stop the attack, either as a result of intentional disregard of staff or the fact that the block and prison was operating severely short staffed.

21. As a result of the attack Plaintiff suffered serious injury.

22. No staff came to Plaintiff's aid after the attack.

23. Ultimately, Plaintiff, who initially lost consciousness and was unable to move was able to contact his father on his Pad issued by the prison.

24. Plaintiff's father then reached out to the prison directly, but prison officials failed to respond and ignored his request for assistance for his son.

25. Plaintiff's father then contacted the local Sheriff's Department who referred him to the Ohio State Highway Patrol, who has jurisdiction related to Ohio prisons.

26. The Highway Patrol then contacted the Prison and that ultimately resulted in prison personnel, including a counselor and the Warden responding to the Plaintiff's cell where they found the Plaintiff
severely injured.

27. Nothing was done to assist Plaintiff and medical was contacted.

28. Medical personnel who responded did nothing to treat Plaintiff and refused initially to touch or move the Plaintiff and were overheard by the Plaintiff discussing with the Warden the fact that if they moved the Plaintiff and he died they would be liable,

4

**2026 CV 00479**

29.     Ultimately the Plaintiff was moved by lifting the mat Plaintiff was lying on and placing it on a cart after the Warden ordered it to be done.

30.     Plaintiff was then taken to a back loading area of the prison and was after some time transferred by ambulance to St. Elizabeth Hospital in Youngstown

31.     Plaintiff was diagnosed with a fractured skull, broken nose, lacerated liver, lacerated spleen, bruised spine and with a ruptured artery in his leg that required emergency surgery to save his life.

32.     Plaintiff spent multiple days in the hospital and then was returned to NEOCC, where he was initially placed on the Federal side of the prison but after two days, he was transferred back to the state side and placed in an area used for disciplinary segregation commonly known as the "Hole" under and infirmary watch.

33.     Plaintiff, who had been on a fentanyl drip for pain while hospitalized due to severe pain was only given Ibuprofen 500 MG for pain, despite the fact that a prescription for a pain killer had been issued by the hospital upon discharge.

34.     As a result, Plaintiff continued to suffer great pain.

35.     In or about early April 2024, Plaintiff was transferred to Mansfield Correctional.

36.     During the interim period from the time Plaintiff returned to NEOCC from the hospital until the time he was transferred to Mansfield Correctional, Plaintiff received no medical follow up, with the exception being issued issuance of a wheel chair.

37.     From the time Plaintiff returned from the hospital until the time he transferred to Mansfield Correctional. he had to have a catheter inserted each time he needed to urinate.

38.     In transferring Plaintiff to Mansfield, NEOCC transferred along with him one of his known attackers.

5

**2026 CV 00479**

## COUNT ONE
### Negligence

39.   Plaintiff incorporates paragraphs 1-38, as if fully rewritten herein.

40.   Jane Doe Corrections Office acted negligently in allowing unauthorized inmates to enter Plaintiff's cell block resulting in Plaintiff being attacked on or about February 22, 2024.

## COUNT Two
### Negligence

41.   Plaintiff incorporates paragraphs 1-43, as if fully rewritten herein.

42.   Jane Doe Corrections Officer acted negligently when she failed to complete a incident report, which if completed would have prevented the attack on Plaintiff on February 23, 2024.

43.   As a result of Defendant's negligence, Plaintiff suffered serious life-threatening injury.

## COUNT THREE
### Negligence

44.   Plaintiff incorporates paragraphs 1-43, as if fully rewritten herein.

45.   John Doe Corrections Officer acted negligently in allowing unauthorized inmates to enter Plaintiff's cell block resulting in Plaintiff being attacked on or about February 23, 2024.

46.   As a result of Defendant's negligence, Plaintiff suffered serious life-threatening injury.

## COUNT FOUR
### Negligence

47.   Plaintiff incorporates paragraphs 1-46, as if fully rewritten herein.

48.    John Doe Corrections Officer acted negligently by failing to intervene when Plaintiff was being attacked on February 23, 2024.

49.   As a result of Defendant's negligence, Plaintiff suffered serious life-threatening injury.

6

**2026 CV 00479**

## COUNT FIVE
### Negligence

50.   Plaintiff incorporates paragraphs 1-49, as if fully rewritten herein.

51.   John Doe Corrections Officer acted negligently by failing to offer any aid after Plaintiff had been attacked.

52.   As a result of Defendant's negligence Plaintiff was forced to suffer great pain and his injuries became life threatening due to the delay in treatment.

## COUNT SIX
### Negligence

53.   Plaintiff incorporates paragraphs 1-52, as if fully rewritten herein.

54.   John Doe Warden acted negligently when he failed to respond to Plaintiff's father's request for aid for his son.

55.   As a result of Defendant's negligence Plaintiff was forced to suffer great pain and his injuries became life threatening due to the delay in treatment.

## COUNT SEVEN
### Negligence

56.   Plaintiff incorporates paragraphs 1-55, as if fully rewritten herein

57.   Yet unidentified medical personnel who ultimately responded to Plaintiff's cell on February 23, 2024, acted negligently in failing to offer any medical treatment to Plaintiff, including stating a direct refusal to move or touch the Plaintiff.

58.   As a result of the negligence, Plaintiff was forced to suffer great pain and his injuries became life threatening due to the delay in treatment.

## COUNT EIGHT
### Negligence

59.   Plaintiff incorporates paragraphs 1-58, as if fully rewritten herein

7

2026 CV 00479

60.  When Plaintiff returned to NEOCC after treatment at the hospital, medical personnel, under the direct supervision of Defendant Hivner acted negligently and demonstrated a deliberate indifference in failing to provide Plaintiff with adequate pain medication resulting in Plaintiff constantly being in severe pain.

## COUNT NINE
**Negligence**

61.  Plaintiff incorporates paragraphs 1-60, as if fully rewritten herein

62.  From the time Plaintiff returned to NEOCC from his hospitalization until time he was transferred to Mansfield Correctional, medical personnel, under the direct supervision of Defendant Hivner acted negligently in failing to provide any follow-up medical treatment,

## COUNT TEN
**Violation of the Eighth Amendment**
**Cruel & Unusual Punishment**
**Failure to Protect**

63.  Plaintiff incorporates paragraphs 1-62, as if fully rewritten herein.

64.  The actions of Jane Doe Corrections Officer in allowing unauthorized inmates to enter Plaintiff's cell block resulting in Plaintiff being attacked constitutes a deliberate indifference to the safety and welfare of Plaintiff and failure to protect.

## COUNT ELEVEN
**Violation of the Eighth Amendment**
**Cruel & Unusual Punishment**
**Failure to Protect**

65.  Plaintiff incorporates paragraphs 1-64, as if fully rewritten herein.

66.  The actions of Jane Doe Corrections Officer in failing to report the attack on Plaintiff on February 22, 2024, led to a second attack the following day.

67.  Defendant's actions constitute a deliberate indifference to the safety and welfare of the Plaintiff and constitute a failure to protect.

8

**2026 CV 00479**

**COUNT TWELVE**
**Violation of the Eighth Amendment**
**Cruel & Unusual Punishment**
**Failure to Protect**

68.  Plaintiff incorporates paragraphs 1-67, as if fully rewritten herein.

69.  The actions of John Doe Corrections Officer in allowing unauthorized inmates to enter Plaintiff's cell block resulting in Plaintiff being attacked and seriously injured constitutes a deliberate indifference to the safety and welfare of Plaintiff and a failure to protect.

**COUNT THIRTEEN**
**Violation of the Eighth Amendment**
**Cruel & Unusual Punishment**
**Failure to Protect**

70.  Plaintiff incorporates paragraphs 1-69, as if fully rewritten herein.

71.  Defendant John Doe Corrections Officer's failure to intervene while Plaintiff was being attacked constitutes a deliberate indifference to the safety and welfare of Plaintiff and a failure to protect.

**COUNT FOURTEEN**
**Violation of the Eighth Amendment**
**Cruel & Unusual Punishment**
**Failure to Protect**

72.  Plaintiff incorporates paragraphs 1-71, as if fully rewritten herein.

73.  Defendant John Doe Corrections Officer's failure to aid Plaintiff after the attack had occurred constitutes a deliberate indifference to the safety and welfare of Plaintiff and a failure to protect, a violation of the Eighth Amendment.

**COUNT FIFTEEN**
**Violation of the Eighth Amendment**
**Cruel & Unusual Punishment**
**Failure to Protect**

74.  Plaintiff incorporates paragraphs 1-73, as if fully rewritten herein.

9

**2026 CV 00479**

75. Defendant John Doe Warden's failure to respond to the request of Plaintiff's father for aid to the Plaintiff constitutes a deliberate indifference to the safety and welfare of Plaintiff and a failure to protect, a violation of the Eighth Amendment.

**COUNT FIFTEEN**
**Violation of the Eighth Amendment**
**Cruel & Unusual Punishment**
**Failure to Provide Adequate Medical Care**

76. Plaintiff incorporates paragraphs 1-75, as if fully rewritten herein.

77. The actions of the yet unidentified medical personnel, under the direct supervision of Defendant Hivner, who refused to offer any medical assistance to the Plaintiff after the second attack on February 23, 2024, constitutes a deliberate indifference to a serious medical need and a failure to provide adequate medical care, a violation of the Eighth Amendment.

**COUNT SIXTEEN**
**Violation of the Eighth Amendment**
**Cruel & Unusual Punishment**
**Failure to Provide Adequate Medical Care**

78. Plaintiff incorporates paragraphs 1-77, as if fully rewritten herein.

79. The actions of the yet unidentified medical personnel, under the direct supervision of Defendant Hivner, who refused to provide Plaintiff with adequate pain, resulting in the Plaintiff suffering greatly, demonstrated a deliberate indifference to a serious medical need and a failure to provide adequate medical care, a violation of the Eighth Amendment

**COUNT SEVENTEEN**
**Violation of the Eighth Amendment**
**Cruel & Unusual Punishment**
**Failure to Provide Adequate Medical Care**

80. Plaintiff incorporates paragraphs 1-79, as if fully rewritten herein.

81. The actions of the yet unidentified medical personnel, under the direct supervision of Defendant Hivner, who failed to provide Plaintiff with any follow-up care, resulting in the Plaintiff

10

**2026 CV 00479**

suffering greatly demonstrated a deliberate indifference to a serious medical need and a failure to provide adequate medical care, a violation of the Eighth Amendment

### COUNT EIGHTEEN
### Violation of the Eighth Amendment
### Cruel & Unusual Punishment

82.  Plaintiff incorporates paragraphs 1-81, as if fully rewritten herein.

83.  The Placement of Plaintiff in the hole by Defendants John Doe Warden and Defendant Hivner when no disciplinary action was involved constitutes cruel and unusual punishment and a violation of the Eighth Amendment

### COUNT NINETEEN
### Negligence

84.  Plaintiff incorporates paragraphs 1-83, as if fully rewritten herein.

85.  The actions of Defendants John Doe Warden and Core Civic in transferring Plaintiff to Mansfield Correction along with one of the inmates who had attacked him constitutes negligence

### COUNT TWENTY
### Negligence

86.  Plaintiff incorporates paragraphs 1-85, as if fully rewritten herein.

87.  Defendant Core Civic and Defendant John Doe Warden, by allowing the prison to be understaffed on February 22, 2024, and February 23, 2024, constituted negligence.

### COUNT TWENTY-ONE
### Respondeat Superior

88.  Plaintiff incorporates paragraphs 1-87, as if fully rewritten herein.

89.  Defendant Core Civic is liable for all the negligent acts of its agents as described in Count One through Count Nine pursuant to the Doctrine of Respondeat Superior.

11

**2026 CV 00479**

**WHEREFORE,** Plaintiff demands judgment as to all Defendants in an amount in excess of Twenty-Five Thousand Dollars ($25.000) for compensatory and punitive damages as well as attorney fees and the costs of this action.

Respectfully submitted,

*/s/ Larry D. Shenise*
Larry D. Shenise (0068461)
P.O. Box 357
Rootstown, OH 44272
(330) 472-5622
(877) 583-4874 Fax
ldshenise@sheniselaw.com

*Counsel for Plaintiff*

12

**2026 CV 00479**