PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KIECHAUN NEWELL, | ) | |
| | ) | CASE NO. 4:26-CV-00769 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| *v.* | ) | |
| | ) | **MEMORANDUM OF** |
| CORECIVIC, INC., *et al.*, | ) | **OPINION AND ORDER** |
| | ) | [Resolving ECF Nos. 6, 9] |
| Defendants. | ) | |

## I. INTRODUCTION

Plaintiff Kiechaun Newell, incarcerated and proceeding through counsel, claims he was twice assaulted by his fellow inmates at a private prison in Ohio after corrections officers "intentionally unlocked the door and allowed them entry" to his housing unit. ECF No. 1–1 at PageID #: 9, ¶ 15. He also claims that prison staff negligently responded to the attacks, failed to provide him with adequate medical care, and subsequently transferred him to another institution "along with . . . one of his known attackers." ECF No. 1–1 at PageID #: 11, ¶ 38. In 2026, he sued the prison's operator, corrections officers, warden, and medical director in state court on twenty-two causes of action: twelve for negligence under Ohio common law, and ten for violations of the Eighth Amendment under 42 U.S.C. § 1983.

Defendant CoreCivic removed the case to the Northern District of Ohio and has moved to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Because Plaintiff's allegations against it consist of "[no] more than labels and conclusions," the Motion to Dismiss (ECF No. 6) is granted in part. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing

*Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Improperly embedded in his opposition to the motion to dismiss is Plaintiff's Motion to Remand (ECF No. 9). That motion is denied.

The Court has subject matter jurisdiction over the constitutional claims under 28 U.S.C. § 1331 and supplemental jurisdiction over the state claims under 28 U.S.C. § 1367.

## II. BACKGROUND

### A. History[1]

In 2017, Plaintiff was convicted of aggravated murder in the Cuyahoga County (Ohio) Court of Common Pleas and given a life sentence. *See* *State v. Newell*, No. CR-16-609565-A (Cuyahoga Cty. Ct. Com. Pl. Nov. 30, 2017). By 2024, he was incarcerated at the Northeast Ohio Correctional Center ("NEOCC") in Youngstown, Ohio. ECF No. 1–1 at PageID #: 9, ¶¶ 4–5. NEOCC is a private prison operated by Defendant CoreCivic, Inc.—*née* Corrections Corporation of America, one of the nation's largest private prison contractors—under an agreement with the Ohio Department of Rehabilitation and Correction ("ODRC"). *See* Jocelyn Rosnick, *Ohio's Problematic Private Prisons: A Primer*, ACLU of Ohio (Nov. 20, 2024), https://www.acluohio.org/news/ohios-problematic-private-prisons-primer. Plaintiff alleges that Defendants Dana Hivner,[2] Warden Doe, Jane Doe, and John Doe were employed by Defendant CoreCivic at NEOCC, during his stay there. ECF No. 1–1 at PageID ##: 9–10, ¶¶ 6–9.

Plaintiff was previously detained at the Trumbull Correctional Institution ("TCI"), where he claims he sought protective custody due to threats from the Heartless Felons, a violent

---

[1] As it must, the Court construes the allegations herein in the light most favorable to Plaintiff. *See* *Washington v. First Nat'l Bank of Pennsylvania*, 179 F.4th 1008, 1011 (6th Cir. 2026) (quoting *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016)).

[2] NEOCC's medical director. ECF No. 1–1 at PageID #: 9, ¶ 9.

Cleveland-area gang well-known and well-represented in Ohio's prisons. ECF No. 1–1 at PageID #: 10, ¶ 12; *see The Heartless Felons: Its Leaders, Rules, and a Prayer*, Cleveland.com (Apr. 1, 2015), https://www.cleveland.com/courtjustice/2015/04/the_heartless_felons_its_leade_1.html. He says the gang "marked [him] as a target" because he was convicted of murdering Breanna Fluitt, the daughter of a high-ranking Heartless Felon. ECF No. 1–1 at PageID #: 10, ¶ 13. He claims his transfer to NEOCC resulted from a protective-custody investigation at TCI. ECF No. 1–1 at PageID #: 10, ¶ 14.

On February 22, 2024, Plaintiff was attacked in his cell by multiple inmates. ECF No. 1–1 at PageID #: 10, ¶ 10. He alleges the assailants were Heartless Felons and infers they sought revenge for Fluitt's death. ECF No. 1–1 at PageID #: 10, ¶ 11. And he says they "were all from another [prison housing] block . . . but gained entry to Plaintiff's block when [Defendant] Jane Doe Corrections Officer intentionally unlocked the door and allowed them entry." ECF No. 1–1 at PageID #: 10, ¶ 15. Plaintiff repelled the attack and "was not seriously injured." ECF No. 1–1 at PageID #: 10, ¶ 16. He claims he reported the incident to Defendant Jane Doe, but she neither completed nor submitted a corresponding incident report. ECF No. 1–1 at PageID #: 10, ¶ 17.

On February 23, 2024, Plaintiff was attacked once more—again, allegedly by Heartless Felon inmates—"most of whom were from other blocks were let [into] Plaintiff's block by [Defendant] John Doe Corrections Officer." ECF No. 1–1 at PageID #: 11, ¶ 18. "[N]othing was done to stop the attack," says Plaintiff, "either as a result of intentional disregard of staff or the fact that the block and prison was operating severely short staffed." ECF No. 1–1 at PageID #: 11, ¶ 20. Plaintiff claims he was knocked out, but managed to contact his father using a tablet issued by NEOCC. ECF No. 1–1 at PageID #: 11, ¶ 23. His father purportedly

"reached out to [NEOCC] directly, but prison officials failed to respond and ignored his request for assistance for his son." ECF No. 1–1 at PageID #: 11, ¶ 24. His father's calls to the Mahoning County Sheriff's Department and Ohio State Highway Patrol allegedly led Defendant Warden Doe to discover Plaintiff lying severely injured in his cell. ECF No. 1–1 at PageID #: 11, ¶¶ 25–26.

Once discovered, Plaintiff alleges that NEOCC medical staff "did nothing to treat" and "refused initially to touch or move" him, fearing liability for exacerbating his injuries. ECF No. 1–1 at PageID #: 11, ¶¶ 27–28. Plaintiff was evacuated to the hospital on Defendant Warden Doe's order, where he was allegedly "diagnosed with a fractured skull, broken nose, lacerated liver, lacerated spleen, bruised spine and with a ruptured artery in his leg that required emergency surgery to save his life." ECF No. 1–1 at PageID #: 11, ¶ 31. Plaintiff was returned to NEOCC a few days later and placed in segregated housing under infirmary watch. ECF No. 1–1 at Page ID #: 12, ¶ 32. He claims that although he "had been on a fentanyl drip for pain while hospitalized due to severe pain[,] [he] was only given Ibuprofen 500 MG for pain, despite the fact that a prescription for a pain killer had been issued by the hospital upon discharge" and that he "continued to suffer great pain" as a result. ECF No. 1–1 at PageID #: 11, ¶¶ 33–34. He also claims he "received no medical follow up, with the exception being issued issuance [sic] of a wheel chair" and "had to have a catheter inserted each time he needed to urinate." ECF No. 1–1 at PageID # 11, ¶¶ 36–37. Finally, Plaintiff alleges that he was transferred to the Mansfield Correctional Institution ("MCI") in April 2024 "along with . . . one of his known attackers." ECF No. 1–1 at PageID #: 11, ¶ 38.

### B. Proceedings

In February 2026, Plaintiff sued Defendants in the Mahoning County (Ohio) Court of Common Pleas on twenty-two causes of action. *Claim 1* is a negligence claim under Ohio common law against Defendant Jane Doe for allowing inmates to enter Plaintiff's cell block on February 22, 2024. ECF No. 1–1 at PageID #: 12. *Claim 2* is a negligence claim under Ohio common law against Defendant Jane Doe for failing to complete an incident report after the February 22, 2024 attack. ECF No. 1–1 at PageID #: 12. *Claim 3* is a negligence claim under Ohio common law against Defendant John Doe for allowing inmates to enter Plaintiff's cell block on February 23, 2024. ECF No. 1–1 at PageID #: 12. *Claim 4* is a negligence claim under Ohio common law against Defendant John Doe for failing to intervene when Plaintiff was attacked on February 23, 2024. ECF No. 1–1 at PageID #: 12. *Claim 5* is a negligence claim under Ohio common law against Defendant John Doe for failing to offer aid after Plaintiff was attacked on February 23, 2024. ECF No. 1–1 at PageID #: 13. *Claim 6* is a negligence claim under Ohio common law against Defendant Warden Doe for failing to respond to Plaintiff's father's request for aid on February 23, 2024. ECF No. 1–1 at PageID #: 13. *Claim 7* is a negligence claim under Ohio common law against Defendant Hivner for failing to provide medical aid after Plaintiff was attacked on February 23, 2024. ECF No. 1–1 at PageID #: 13. *Claim 8* is a negligence claim under Ohio common law against Defendant Hivner for failing to provide Plaintiff with adequate pain medication after his return from the hospital. ECF No. 1–1 at PageID ##: 13–14. *Claim 9* is a negligence claim under Ohio common law against Defendant Hivner for failing to provide medical treatment to Plaintiff after his return from the hospital. ECF No. 1–1 at PageID #: 14. *Claim 10* is a failure-to-protect claim under the Eighth Amendment and 42 U.S.C. § 1983 against Defendant Jane Doe

for allowing inmates to enter Plaintiff's cell block on February 22, 2024. ECF No. 1–1 at PageID #: 14. *Claim 11* is a failure-to-protect claim under the Eighth Amendment and 42 U.S.C. § 1983 against Defendant Jane Doe for failing to report the February 22, 2024 attack. ECF No. 1–1 at PageID #: 14. *Claim 12* is a failure-to-protect claim under the Eighth Amendment and 42 U.S.C. § 1983 against Defendant John Doe for allowing inmates to enter Plaintiff's cell block on February 23, 2024. ECF No. 1–1 at PageID #: 15. *Claim 13* is a failure-to-protect claim under the Eighth Amendment and 42 U.S.C. § 1983 against Defendant John Doe for failure to intervene when Plaintiff was attacked on February 23, 2024. ECF No. 1–1 at PageID #: 15. *Claim 14* is a failure-to-protect claim under the Eighth Amendment and 42 U.S.C. § 1983 against Defendant John Doe for failing to aid Plaintiff when he was attacked on February 23, 2024. ECF No. 1–1 at PageID #: 15. *Claim 15A*[3] is a deliberate indifference claim under the Eighth Amendment and 42 U.S.C. § 1983 against Defendant Warden Doe for failing to respond to Plaintiff's father's request for aid on February 23, 2024. ECF No. 1–1 at PageID ##: 15–16. *Claim 15B*[4] is a deliberate indifference claim under the Eighth Amendment and 42 U.S.C. § 1983 against Defendant Hivner for failing to provide medical assistance after Plaintiff's attack on February 23, 2024. ECF No. 1–1 at PageID #: 16. *Claim 16* is a deliberate indifference claim under the Eighth Amendment and 42 U.S.C. § 1983 against Defendant Hivner for failing to provide Plaintiff with adequate pain medication after his return from the hospital. ECF No. 1–1 at PageID #: 16. *Claim 17* is a deliberate indifference claim under the

[3] Plaintiff's Complaint erroneously lists two "Count Fifteen[s.]" For ease of reference, the Court refers to the first (ECF No. 1–1 at PageID #: 15) as "Claim 15A" and the second (ECF No. 1–1 at PageID #: 16) as "Claim 15B."

[4] *See supra* note 1.

Eighth Amendment and 42 U.S.C. § 1983 against Defendant Hivner for failing to provide medical treatment to Plaintiff after his return from the hospital. ECF No. 1–1 at PageID ##: 16–17. *Claim 18* is a cruel and unusual punishment claim under the Eighth Amendment and 42 U.S.C. § 1983 against Defendants Warden Doe and Hivner for placing Plaintiff in segregated housing. ECF No. 1–1 at PageID #: 17. *Claim 19* is a negligence claim under Ohio common law against Defendants Warden Doe and CoreCivic for transferring Plaintiff to MCI alongside an inmate who previously attacked him. ECF No. 1–1 at PageID #: 17. *Claim 20* is a negligence claim under Ohio common law against Defendants Warden Doe and CoreCivic for leaving NEOCC understaffed when Plaintiff was attacked on February 22 and 23, 2024. ECF No. 1–1 at PageID #: 17. And *Claim 21* is a *respondeat superior* claim[5] under Ohio common law against Defendant CoreCivic for the negligent acts of its employees in *Claims 1–9*. ECF No. 1–1 at PageID #: 17.

Defendant CoreCivic timely removed the case to the United States District Court for the Northern District of Ohio in March 2026. ECF No. 1. At the time of removal, Plaintiff had served no other Defendant. ECF No. 1 at PageID #: 3, ¶ 10. Defendant CoreCivic moved to dismiss under Rule 12(b)(6) in May 2026. ECF No. 6. Defendant Hivner appeared in July 2026, accepted constructive service, without objecting to removal. ECF No. 11. Plaintiff has neither identified nor served Defendants Warden Doe, John Doe, or Jane Doe. Defendant CoreCivic's Motion to Dismiss is fully briefed and ripe for resolution. ECF Nos. 9, 12.

---

[5] *Respondeat superior* is not an independent cause of action, but a theory of liability through which a plaintiff may impute the tortious conduct of an employee to the employer. *See* Restatement (Third) Of Agency § 7.03 (2006)

## III. LAW

Civil cases begin with complaints. *See* Fed. R. Civ. P. 3. Complaints must clearly and concisely explain why the plaintiff deserves relief. *See* Fed. R. Civ. P. 8(a)(2). The standard is plausibility, which demands more than possibility but less than probability. *See* *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). Plausibility requires specific facts linking the defendant to the allegedly unlawful conduct. *See* *id.* Conclusions, speculations, and "naked assertions" are not specific facts. *Id.* (quoting *Twombly*, 550 U.S. at 555).

In response to an anemic pleading, a defendant can move to dismiss for failure to state a claim under Rule 12(b)(6). Once briefed, district courts "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Washington v. First Nat'l Bank of Pennsylvania*, 179 F.4th 1008, 1011 (6th Cir. 2026) (quoting *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016)). They then determine whether the complaint "raise[s] a right to relief above the speculative level." *Id.* (quoting *Twombly*, 550 U.S. at 555).

A few caveats are relevant. *First*, only "well-pleaded" allegations are presumed true. *Iqbal*, 556 U.S. at 679. Courts ignore legal conclusions disguised as factual allegations. *See* *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 555). *Second*, courts are generally limited to reviewing the "four corners" of the complaint. *Blackwell v. Nocerini*, 123 F.4th 479, 486 (6th Cir. 2024). But they can consider some exhibits, public records, and pleading attachments. *See* *Hodges v. City of Grand Rapids*, 139 F.4th 495, 510 (6th Cir. 2025). And *third*, because resolving a motion to dismiss is more art than science, it requires equal parts common sense and judicial experience. *See* *Iqbal*, 556 U.S. at 679. Thus "Rule 12(b)(6) does not countenance

. . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Twombly*, 550 U.S. at 556 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

## IV. DISCUSSION

### A. Motion to Dismiss

The Parties agree that Plaintiff raises no constitutional claims against Defendant CoreCivic under *Monell v. Dept. of Soc. Services of City of New York*, 436 U.S. 658 (1978). ECF Nos. 9 at PageID #: 76; 12 at PageID #: 87. But he pleads three claims against it as a corporate entity: *Claim 19* (negligence), *Claim 20* (negligence), and *Claim 21* (*respondeat superior*).[6] Defendant CoreCivic argues that *Claims 19* and *20* fail because Ohio recognizes no state-law analogue to a *Monell* claim and a corporation—acting only through its agents—cannot be independently liable for transferring an inmate or understaffing a correctional facility. ECF No. 6 at PageID ##: 65–66. It argues that *Claim 21* fails because *respondeat superior* is not a separate cause of action, is duplicative of *Claims 1–9*, and cannot impose corporate liability when Plaintiff alleges no plausible negligence claim against any of its employees. ECF No. 12 at PageID ##: 87–89. Plaintiff does not respond to any of Defendant CoreCivic's arguments directed at *Claims 19* and *20*. And he addresses *Claim 21* only superficially, asserting that "a basis to impose liability on Core Civic exists." ECF No. 9 at PageID #: 75. But conclusory assertions are insufficient for preservation, so he has abandoned *Claims 19*, *20*, and *21* (derivative of *Claims 1–9*). *See Buetenmiller v. Macomb Cty. Jail*, 53 F.4th 939, 946 (6th Cir. 2022) (finding that "where issues are adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, we consider them

---

[6] *See supra* note 5.

forfeited"); (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997)); *Atchison v. Hubbell Indus. Controls, Inc.*, 777 F. Supp. 3d 834, 850 (M.D. Tenn. 2025) ("A plaintiff who fails to raise [his] claims in response to a motion to dismiss abandons those claims") (quoting *Doe v. Bredesen*, 507 F.3d 998, 1007-08 (6th Cir. 2007)). In the alternative, all three fail to plausibly state a claim for relief for the reasons below.

*Claims 19 and 20*

*Claims 19* and *20* allege that Defendant CoreCivic was negligent for "transferring Plaintiff to [MCI] along with one of the inmates who had attacked him" and for "allowing the prison to be understaffed on February 22, 2024, and February 23, 2024," respectively. ECF No. 1–1 at PageID #: 17. In Ohio, negligence requires showing "a duty, a breach of the duty, and an injury resulting proximately therefrom." *Berkheimer v. REKM, L.L.C.*, 253 N.E.3d 1, 4 (Ohio 2024). Plaintiff must plausibly allege each element to survive Defendant CoreCivic's Motion to Dismiss. But *Claim 19* pleads no breach, no foreseeability, and no damages: it does not allege that Defendant CoreCivic made the decision to transfer Plaintiff to MCI, that it knew the inmate transferred alongside him participated in the alleged attack, or that Plaintiff suffered injury at MCI because of the coterminous transfer. *Claim 20* pleads neither breach nor proximate cause: it alleges only that Defendant CoreCivic "allow[ed] the prison to be understaffed on February 22, 2024, and February 23, 2024" and that "[n]othing was done to stop the attack[s], either as a result of intentional disregard of staff or the fact that the block and prison was operating severely short staffed." ECF No. 1–1 at PageID ##: 10, 17, ¶¶ 20, 87. It provides no plausible causal connection between the alleged short-staffing and the inmate attacks. Because *Claims 19* and *20* are archetypal "unadorned, the-defendant-unlawfully-

harmed-me accusation[s]" they are both dismissed under Rule 12(b)(6). *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

*Claim 21*

*Claim 21* alleges that Defendant CoreCivic is "liable for all the negligent acts of its agents as described in [*Claims 1–9*.]"[7] ECF No. 1–1 at PageID #: 17. But those underlying claims fail to plausibly state a claim for relief, rendering *Claim 21* inert. *Claim 1* pleads no cognizable harm: Plaintiff admits he "was not seriously injured" in the February 22, 2024 attack. ECF No. 1-1 at PageID #: 9, ¶ 16. *Claim 2* pleads no proximate cause: nothing explains how an incident report on February 22, 2024 would or should have prevented an attack the next day. ECF No. 1-1 at PageID #: 12, ¶ 42. *Claim 3* pleads neither breach nor foreseeability: it makes no suggestion Defendant John Doe should have anticipated danger from the inmates he allegedly admitted to Plaintiff's cell block.[8] ECF No. 1-1 at PageID #: 9, ¶ 17. *Claims 4*, *5*, and *6* plead no breach: they never place Defendant John Doe at the scene or explain how Plaintiff's father's request to Defendant Warden Doe[9] violated a duty of care.

---

[7] Because Claim 21 is derivative of *Claims 1–9*, Defendant CoreCivic may argue those underlying claims fail. But the resolution of those claims applies to Defendant CoreCivic alone; Defendants Jane Doe and John Doe have neither appeared nor moved to dismiss, and Defendant Hivner has not joined this Motion.

[8] Plaintiff's allegation that his "transfer to NEOCC resulted from the private custody protection investigation completed at [TCI]" ECF No. 1–1 at PageID #: 9, ¶ 14, is a "naked assertion devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. 557) (cleaned up).

[9] *Claim 6* accuses Defendant Warden Doe of negligently failing to respond to Plaintiff's father's request for aid on February 23, 2024. ECF No. 1–1 at PageID #: 13, ¶ 54. It alleges neither duty, breach, nor proximate cause. The Complaint does not allege the request reached Defendant Warden Doe, and describes him responding to Plaintiff's cell once notified and ordering Plaintiff evacuated to the hospital. ECF No. 1–1 at PageID ##: 10–11, ¶¶ 26, 29. There are no alleged facts addressing when the father called, how long any delay lasted, or that Defendant Warden Doe could have secured aid sooner.

ECF No. 1-1 at PageID #: 10, ¶¶ 20, 24. *Claims 7*, *8*, and *9* plead neither breach nor proximate cause: Plaintiff's Complaint reveals he was transported to the hospital for emergency surgery and, upon returning to NEOCC, monitored, medicated, and catheterized as needed. ECF No. 1-1 at PageID #: 11, ¶¶ 30–33, 36–37. *See Perotti v. Ohio Dept. of Rehab. & Corr.*, 572 N.E.2d 172, 177 (Ohio App. 10th Dist. 1989) (holding that a prison was not negligent in failing to give inmate the narcotic pain relievers he desired and had been prescribed).

Even taking the Complaint's factual allegations as true, *Claims 1–9* "stop[] short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557). Because the underlying claims fail to pass Rule 8(a)(2) muster, Defendant CoreCivic cannot be held liable under *respondeat superior*. *Claim 21* is dismissed under Rule 12(b)(6).

*Scope of Dismissal*

In its reply, Defendant CoreCivic asks the Court to dismiss *Claims 1–9* with prejudice as to all Defendants. ECF No. 12 at PageID ##: 88–90. That request is denied on two grounds. *First*, because it was improperly raised for the first time in a reply brief. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) ("reply briefs reply to arguments made in the response brief—they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration") (quoting *Novosteel SA v. Bethlehem Steel Corp.*, 284 F.3d 1261, 1274 (Fed. Cir. 2002)). *Second*, because it seeks relief for Defendants Warden, Hivner, Jane Doe, and John Doe—most of whom have not been served, have not appeared, and have not independently moved for dismissal, thereby depriving the Court of personal jurisdiction to adjudicate claims against them. *See Canaday v. Anthem Companies, Inc.*, 9 F.4th 392, 399 (6th Cir. 2021) ("Before a federal court may exercise personal jurisdiction over

a defendant, the procedural requirement of service of summons must be satisfied") (quoting *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 108 (1987)). While *Claims 19, 20*, and *21* are dismissed as to Defendant CoreCivic—thereby excising it from this case entirely—all claims against Defendants Warden, Hivner, John Doe, and Jane Doe remain active.

### B. Motion to Remand

In his response to Defendant CoreCivic's Motion to Dismiss, Plaintiff argues this case "should be remanded to the Mahoning County Court of Common Pleas." ECF No. 9 at PageID #: 74. That request is denied for three reasons. *First*, it is not a true motion. Burying a remand request in an opposition brief to a dispositive motion does not comply with Local Rule 7.1 or Rule 7(b). *See Laurel Hill Mgmt. Servs., Inc. v. La-Z-Boy Inc.*, No. 25-1727, 2026 WL 2427143, at *8 (6th Cir. Aug. 19, 2026). *Second*, its premise misunderstands the removal statute. Plaintiff argues that "Core Civic lacked standing to remove the matter from state court."[10] ECF No. 9 at PageID #: 75. But under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants[.]" In plain language, removability turns on the character of the case, not on whether the removing defendant is the target of a federal claim. Plaintiff's Complaint pleads ten federal claims under 42 U.S.C. § 1983 and invokes federal jurisdiction. ECF No. 1–1 at PageID #: 14–17, ¶¶ 63–83. Nothing in 28 U.S.C. §§ 1441 or

[10] Plaintiff erroneously frames his argument as a question of standing. ECF No. 9 at PageID ##: 75–77. But standing concerns a plaintiff's stake in the controversy, not whether a defendant may remove a lawsuit or seek dismissal of a claim. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). Removal authority, on the other hand, "is entirely a creature of statute." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002).

1446 conditions removal authority on the removing defendant being the *target* of the federal claim, nor does Plaintiff provide any authority to the contrary. His reliance on *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988) and *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025) is similarly misguided. *Royal Canin* addressed the elimination of federal claims after removal *via* amended pleading. *See* 604 U.S. at 41. Moreover, it characterized the relevant portions of *Cohill* as unreasoned *dicta*. *See id.* ("Nowhere did *Cohill* analyze why a federal court could retain jurisdiction once an amendment excised all federal-law claims"). Here, Plaintiff has not amended his Complaint, nor have any federal claims been dismissed.

*Third*, even if the remand request were substantively sufficient, it is untimely. Under 28 U.S.C. § 1447(c), a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction[11] must be made within 30 days after the filing of the notice of removal[.]" Defendant CoreCivic removed this case on March 31, 2026. ECF No. 1. Plaintiff filed his remand request on June 18, 2026, well after the April 30, 2026 cutoff. ECF No. 9. Consequently, Plaintiff's Motion to Remand is denied as procedurally improper, untimely, and without merit.

## V. CONCLUSION

For these reasons, Plaintiff's Motion for Remand (ECF No. 9)—embedded within his opposition to Defendant CoreCivic's Motion to Dismiss—is denied. Defendant CoreCivic's Motion to Dismiss (ECF No. 6) is granted in part. *Claims 19*, *20*, and *21* (derivative of *Claims*

[11] Plaintiff's opposition to removal is procedural, not jurisdictional.

*1–9*)[12] are dismissed without prejudice against Defendant CoreCivic, thereby dismissing it from this dispute. Defendant CoreCivic's request to dismiss *Claims 1–9* with prejudice as to Defendants Warden Doe, Hivner, Jane Doe, and John Doe is denied. Plaintiff's request for additional leave to respond to the Motion to Dismiss (ECF No. 9 at PageID #: 73) is denied. Plaintiff filed his opposition forty-four days[13] after the Motion to Dismiss and elected not to address the substantive arguments therein.

* * *

Because Defendant Hivner has now appeared in this case, the Court directs that within fourteen days of this order, she shall file a responsive pleading to Plaintiff's Complaint. No request for waiver of service was made under Rule 4(d)(1), so her response was due twenty-one days after her acceptance of service on July 2, 2026. ECF No. 11; *see* Fed. R. Civ. P. 12(a)(1)(A)(i). Defendant Hivner is reminded that the Court requires all civil defendants to file an answer to the claims against them regardless of whether they have filed or plan to file a motion to dismiss or for judgment on the pleadings. *See* Standing Order: Case Management Conference Scheduling at p. 6.[14]

* * *

[12] Again, the Court emphasizes the assessment of *Claims 1–9* herein resolves only the *respondeat superior* predicates for *Claim 21* against Defendant CoreCivic. It does not bind the unserved Defendants or constitute a ruling on those claims against them individually.

[13] Although his response was filed in excess of the 30-day period allotted by Local Rule 7.1(d), it did so with leave of Court. ECF Nos. 8; Order [non-document] dated 06/05/2026.

[14] While Defendant CoreCivic is admonished for failing to adhere to this requirement, its dismissal from this case renders an answer unnecessary.

Plaintiff Kiechaun Newell is ordered to show cause as follows:

1. Defendants Warden, John Doe, and Jane Doe have neither been identified nor served. In a removed action, the ninety-day period for service under Rule 4(m) runs from the date of removal. *See* 28 U.S.C. § 1448. That period expired June 29, 2026. Nothing in the record reflects any attempt to identify or serve these Defendants in the five months since removal or the six since this action was first filed. Rule 4(m) requires notice to the plaintiff before a court dismisses on its own motion; this Order supplies that notice.
2. Within seven days of this Order, Plaintiff shall show cause *via* docket entry why the claims against Defendants Warden, Jane Doe, and John Doe should not be dismissed under Rule 4(m). Plaintiff's filing shall address the following:
   a. *Defendant Jane Doe and John Doe*. What steps have been taken to ascertain the identity of each Doe Defendant and effect service upon them.
   b. *Defendant Warden Doe.* Why the identity of the individual serving as NEOCC's warden on February 22 and 23, 2024 could not be determined without discovery.
   c. *State Court Service.* Whether any summons issued in the Mahoning County Court of Common Pleas designating a Defendant as "name unknown," and whether the Complaint contained the averment required by Ohio Civ. R. 15(D). *See* *Erwin v. Bryan*, 929 N.E.2d 1019, 1026 (Ohio 2010) ("[Ohio] Civ. R. 15(D) does not authorize a claimant to designate defendants using fictitious names as placeholders in a complaint filed within the statute-of-limitations period and then identify, name, and personally serve those defendants after the limitations period has elapsed").

d. *Relation Back.* How an amended pleading substituting a named Defendant for a Doe Defendant would relate back to the date of the original Complaint, given that lack of knowledge of a defendant's identity is not an excusable "mistake" as contemplated by Rule 15(c)(1)(C). *See Zakora v. Chrisman*, 44 F.4th 452, 481 (6th Cir. 2022) ("replacing named parties for John Does does not satisfy the mistaken identity requirement because the newly named parties are considered new parties to the suit rather than a mere substitution of parties") (citing *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996)) (cleaned up).

e. *Accrual and Tolling.* The dates on which Plaintiff initiated and completed the administrative grievance process referenced at ECF No. 1–1 at PageID #: 8, ¶ 3, together with supporting documentation, and Plaintiff's position on the extent to which the limitations periods were tolled during any exhaustion processes. *See, e.g.*, *Heid v. Warden*, No. 23-3367, 2024 WL 1212829, at *2 (6th Cir. Mar. 21, 2024). Plaintiff shall also state whether he contends any claim accrued later than the dates alleged in the Complaint.

3. In responding to items (d) and (e), Plaintiff is reminded that the events giving rise to his Complaint occurred on February 22 and 23, 2024 and the weeks thereafter, and that the Complaint was filed February 23, 2026. Both his negligence and constitutional claims are governed by Ohio's two-year statute of limitations for bodily injury, *see* Ohio Rev. Code § 2305.10(A), so the limitations period as to the February 22, 2024 conduct expired before this action was filed.[15]

[15] The Court expresses no view as to whether any claim is time-barred.

4. Plaintiff's filing shall not exceed ten pages. Defendants may respond within three days of Plaintiff's filing in no more than ten pages.

5. All future filings shall use the designations *Claim 15A* (ECF No. 1–1 at PageID #: 15) and *Claim 15B* (ECF No. 1–1 at PageID #: 16) to account for Plaintiff's drafting errors.

6. Plaintiff's failure to comply with this Order may result in dismissal of all remaining claims for failure to prosecute under Rule 41(b).

IT IS SO ORDERED.

August 31, 2026
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge